IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTHER ISRAEL,<br><br>               Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, DONALD STEVEN STRASSBERG, JORDAN ELIZABETH RULLO, JULIA MACKARONIS, KELLY KINNISH, and MICHAEL MINER**,**<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES<br><br><br>Case No. 2:15-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the court on Plaintiff's Motion for Award of Service Expenses and Attorney Fees. For the reasons discussed below, the Court will deny Plaintiff's Motion.

I. BACKGROUND

Plaintiff filed a Complaint against Defendants on October 16, 2016, alleging copyright infringement, false endorsement and failure to endorse under the federal Lanham Act, false endorsement under Utah law, and "additional copyright infringements." Plaintiff sent Defendants the Complaint, summons, and waiver of service on November 17, 2015, by certified mail. Defendant Strassberg received the documents on November 20, 2015. Defendant Rullo received the documents on November 23, 2015. Defendants Kinnish, Miner, and the University of Utah received the documents on November 24, 2015. Defendant Mackaronis did not receive the documents, which were returned to sender on December 22, 2015.

Plaintiff did not receive responses within sixty days, so she sought an extension for time to serve on January 19, 2016, which was granted on January 25, 2016. The University of Utah

1

and Mr. Strassberg were served on January 14, 2016, Ms. Rullo was served on February 13, 2016, Ms. Kinnish was served on February 16, 2016, Mr. Miner was served on February 17, 2016, and Ms. Mackaronis was served on February 24, 2016.

Plaintiff filed this Motion for service expenses and attorney fees on June 6, 2016. Defendants responded on June 22, 2016.

## II.  DISCUSSION

Plaintiff cites Rule 4(d)(2) of the Federal Rules of Civil Procedure, claiming she should receive service expenses and attorney's fees.  Under Rule 4(d)(2), when a defendant does not waive service of process without good cause, the court "must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."[1]

By its own terms, Rule 4(d) only applies to those subject to service under Rule 4(e), (f), or (h).[2]  The University is a state entity and is subject to service under Rule 4(j)(2):

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[3]

Because "[t]he request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h),"[4] Rule 4(d) does not apply to the University.

---

[1] Fed. R. Civ. P. 4(d)(2).

[2] Fed. R. Civ. P. 4(d)(1).

[3] Fed. R. Civ. P. 4(j)(2).

[4] Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment.

It is unclear from the Complaint whether Plaintiff intended to sue the individual Defendants in their individual or official capacities. Either way, individual Defendants have good cause for failure to waive service. At least one court has held that "neither governmental agencies nor their employees or officials are obligated to comply" with a request for a waiver of service.[5] Another court has held that public employees are "governed by the rule applicable to serving individuals," and thus would be subject to the waiver requirements of Rule 4(d).[6] Yet another court has held that where there is no relevant case law, this ambiguity is sufficient good cause for the failure to waive service.[7] The Tenth Circuit has not ruled on this issue. The ambiguity in terms of service creates good cause for the failure to waive service. Accordingly, service expenses will not be allowed.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Award of Service Expenses and Attorney Fees (Docket No. 34) is DENIED.

DATED this 4th day of October, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] *Chapman v. New York State Div. for Youth*, 227 F.R.D. 175, 179 (N.D.N.Y 2005).

[6] *Caisse v. DuBois*, 346 F.3d 213 (1st Cir. 2003).

[7] *Whatley v. District of Columbia*, 188 F.R.D. 1, 2 (D.D.C.1999).