IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTHER ISRAEL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, DONALD STEVEN STRASSBERG, JORDAN ELIZABETH RULLO, JULIA MACKARONIS, KELLY KINNISH and MICHAEL MINER,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT UNIVIERSITY OF UTAH'S MOTION TO DISMISS<br><br><br>Case No. 2:15-CV-741 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant University of Utah's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion and dismiss Plaintiff's claims against the University without prejudice.

## I.　BACKGROUND

Pro se Plaintiff Esther Israel was admitted to the Clinical Psychology program at the University of Utah in the fall of 2002. Defendant Strassberg was Israel's assigned research advisor. While pursuing a doctoral degree, Israel conducted two research projects, one regarding the appeal of sexually explicit pictures and the other on viewing time as a measure of sexual interest. The latter research became the basis of her master's thesis. For her study, Plaintiff selected and arranged a set of pictures, wrote instructions, and created the syntax necessary for the study to be administered largely by computer program. Her original work included the pictures, text, and syntax. She stored her research materials on a computer in a lab controlled by Defendant Strassberg. Israel's thesis was approved for publication in June of 2006.

1

In 2007, Defendant Strassberg allegedly denied Israel access to the lab where her original materials were stored. At some point, Israel claims that University of Utah faculty and/or graduate students began using her materials and including her name on publications without obtaining permission. Plaintiff complained to faculty, but the issues were allegedly not resolved to Israel's satisfaction. In 2008, Plaintiff registered a copyright for the original work she had done for her research.[1] In 2009, Plaintiff left the University on contentious terms with her master's degree.

Israel filed this suit in October, 2015, alleging that individual Defendants Strassberg, Rullo, Mackaronis, Kinnish and Miner violated her intellectual property rights by producing peer-reviewed publications, academic papers, posters, or presentations based on her copyrighted materials without her consent. Israel also alleges that the University of Utah repeatedly failed to address her reports of copyright infringement.

The University of Utah has filed a Motion to Dismiss Plaintiff's claims for violations of the Copyright Act, Lanham Act, unfair competition laws, and various state laws based on sovereign immunity under the Eleventh Amendment to the U.S. Constitution.

## II. MOTION TO DISMISS STANDARD

A claim "of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."[2] Federal Rule of Civil Procedure 12(b)(1) permits dismissal for "lack of subject-matter jurisdiction." A motion to dismiss based on sovereign immunity may come in one of two forms.

---

[1] Docket No. 43 Ex. 6.

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.[3]

In a "factual" attack, a party may go beyond allegations contained in the complaint, and the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[4]

### III. DISCUSSION

The University of Utah argues that Eleventh Amendment immunity bars Israel's claims against it.[5] The Eleventh Amendment guarantees that "non-consenting states may not be sued by private individuals in federal court."[6] The Eleventh Amendment's jurisdictional bar extends to "arms of the state."[7] The Tenth Circuit has recognized the University of Utah as an arm of state.[8] Therefore, Eleventh Amendment immunity extends to the University of Utah. However, sovereign immunity is subject to three exceptions. First, federal courts may enjoin state officers

---

[3] *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001) (quotation marks and citations omitted).

[4] *Stuart v. Col. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

[5] Docket No. 51.

[6] *Crumpacker v. Kan. Dep't of Human Res.,* 338 F.3d 1163, 1168–69 (10th Cir. 2003) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001)).

[7] *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).

[8] *See Watson v. Univ. of Utah Med. Ctr.,* 75 F.3d 569, 575 (10th Cir. 1996).

under *Ex Parte Young*;[9] Second, Congress may abrogate sovereign immunity;[10] and third, States may waive sovereign immunity by consent.[11]

A. EX PARTE YOUNG

The *Ex Parte Young* exception applies where a plaintiff is "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief."[12] Because Israel is suing the University of Utah directly, the *Ex Parte Young* exception does not apply even if Israel alleges ongoing violations of federal laws or seeks prospective injunctive relief.[13]

B. CONGRESSIONAL ABROGATION OF STATES' IMMUNITY

Israel argues that Congress effectively abrogated states' immunity to suit on copyright grounds by enacting the Lanham Act. Congress has attempted to directly abrogate states' immunity by amending the Copyright Act and the Lanham Act to explicitly require states to be subject to suit in federal court.[14] However, federal courts have uniformly found that both the Copyright Remedy Clarification Act and the Trademark Remedy Clarification Act did not validly abrogate state sovereign immunity because the laws were passed under the Copyright Clause, and Congress lacks authority to abrogate Eleventh Amendment immunity pursuant to

---

[9] *Peterson*, 707 F.3d at 1205.

[10] *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

[11] *Id*.

[12] *Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013) (internal quotations marks and citations omitted).

[13] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that *Ex Parte Young* "has no application in suits against the States and their agencies").

[14] *See Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000) (finding that Fourteenth Amendment's enforcement provision did not justify Congressional attempts to abrogate state's immunity under Copyright and Lanham Acts).

Article I power.[15]  Therefore, Israel's argument that Congress abrogated immunity in suits for copyright infringement fails.

C. STATES' WAIVER OF IMMUNITY BY CONSENT

States may waive Eleventh Amendment immunity by consenting to suit in federal court. Such a waiver "must be unequivaocal, *i.e.*, . . . 'only where stated by the most express language or by such overwhelming implication from the text [of a state statutory or constitutional provision] as [will] leave no room for any other reasonable construction.'"[16]  Israel argues that the University of Utah consented to suit by "endorsing the U.S. Copyright Act, accepting federal assistance . . . , and by placing state court litigation in federal court."[17]

First, the Supreme Court has made clear that a state department's explicit agreement to obey federal law does not constitute an express waiver of Eleventh Amendment immunity.[18]  Second, "the mere receipt of federal funds cannot establish that a State has consented to suit in federal court."[19]  Third, the University of Utah did not place this suit in federal court.[20]  Rather,

---

[15] *See Chavez*, 204 F.3d at 607; *Wilcox v. Career Step, L.L.C.*, No. 2:08-CV-998 CW, 2010 WL 4968263, at *5 (D. Utah Dec. 1, 2010) (noting that federal district courts in and outside of the Fifth Circuit have been uniform in following *Chavez*).

[16] *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239–40 (1985)) (internal quotations marks and citations omitted) (alterations in original).

[17] Docket No. 55, at 9.

[18] *Florida Dep't of Health & Rehab. Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981).

[19] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246–47 (1985).

[20] Docket No. 59.

the University submitted a motion to dismiss the claims brought by Israel in federal court. This does not constitute a waiver of sovereign immunity.[21]

In sum, Israel's arguments that the University of Utah waived governmental immunity are without merit. Defendant argues that Plaintiff's claims should be dismissed with prejudice. However, a dismissal based on Eleventh Amendment immunity should be without prejudice.[22]

IV. CONCLUSION

It is therefore

ORDERED that Defendant University of Utah's Motion to Dismiss (Docket No. 51) is GRANTED. Plaintiff's claims against the University of Utah are dismissed without prejudice.

DATED this 18th day of April, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[21] *See Sadid v. Idaho State Univ.*, 837 F. Supp. 2d 1168, 1175 (D. Idaho 2011) (finding that Idaho State University did not waive immunity by filing a motion to dismiss in federal court challenging the court's jurisdiction).

[22] *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017).